PER CURIAM.
This attorney-discipline proceeding is before the Court on the complaint of The Florida Bar. We have before us the report of a referee and the petitions of both parties for review thereof. The cause is an original proceeding brought pursuant to the Court’s jurisdiction over the discipline of attorneys. Art. V, § 15, Fla.Const.; Fla. Bar.Integr.Rule, art. XI, Rule 11.09.
The Bar brought the complaint against attorney George A. Routh in three counts. Count One charged him with violating the Florida Bar Integration Rule, article XI, Rule 11.02(2), (3)(a), and (3)(b), and the Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3) and (A)(6) based on three felony convictions which arose out of a single criminal episode. Count Two charged respondent with violating Disciplinary Rules 7-102(A)(2), (A)(5), and (A)(8) in that he filed a false affidavit in a judicial proceeding. Count Three sought to place respondent on the inactive list for incapacity not related to the practice of law pursuant to the Florida Bar Integration Rule, article XI, Rule 11.01(4).
The referee made the following findings and recommendations:

Findings of Fact as to Each Item of Misconduct of which the Respondent is charged:

After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
As to Count I
1. The Respondent, George A. Routh is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On May 27, 1976, Respondent was charged by Information filed in the Cir *1024 cuit Court for the Sixth Judicial Circuit of Florida, in and for Pinellas County, with the crimes of shooting into an occupied vehicle, aggravated battery, and aggravated assault. The three charges grew out of a single episode which occurred on May 23, 1976. Said crimes are felonies under the laws of Florida. On September 7, 1976, Counts II and III of the information were amended.
3. On September 3, 1976, Respondent withdrew from a plea of not guilty and entered a plea of guilty to the above charges, as amended.
4. On October 27, 1976, Respondent was adjudicated guilty as charged and sentenced to the custody of the Director of the Department of Offender Rehabilitation. No appeal was taken from the judgment. Respondent has served his sentence and his civil rights have been restored.
As to Count II
5. On May 10, 1976, Respondent, represented the personal representatives of the Estate of Robert E. Lehmann, deceased.
6. On or about May 10, 1976, Respondent, on behalf of such personal representatives, executed a document entitled “Objection to Affidavit of Young J. Simmons As To Amount Due Claude Cloniger and Blanche Cloniger” and an attached Affidavit. In these pleadings Respondent asserted that opposing counsel with knowledge or in a reckless manner, submitted a false affidavit and that Respondent’s affidavit accurately represented the amount owed.
7. On June 1,1976, a hearing was held before the Honorable William L. Walker, Circuit Judge in the Circuit Court for the Sixth Judicial Circuit of Florida, in and for Pinellas County. At the hearing, Respondent admitted not having any legal basis for the calculation set forth in his own Affidavit and failed to state any basis for asserting the falsity of the affidavit of opposing counsel.
8. The actual basis for correct calculation was known to or readily ascertainable by Respondent at the time he filed his pleadings.
9. At the hearing before this Referee, Respondent testified that, if the same situation were to present itself again, he would file an objection to the creditors’ claim.
As to Count III
10. On or about June 15, 1976, and on several dates thereafter, Dr. Jerome Ro-senblum examined Respondent and found that Respondent:
(a) had little regard for rules or for the rights of others.
(b) was unaware of the correctness or wrongness of his acts and had impaired judgment.
(c) was undisciplined.
(d) constituted a threat to society in terms of violating laws.
III. Recommendation as to whether or not the Respondent should be found guilty:
As to each count of the complaint I make the following recommendations as to guilt or innocence:
As to Count I
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of The Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
(a) Rule 11.02(3)(a), The Integration Rule
(b) DR 1-102(A)(3), Code of Professional Responsibility
(c) DR 1-102(A)(6), Code of Professional Responsibility
As to Count II
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of Disciplinary Rules of the Code of Professional Responsibility, to wit:
(a) DR 7-102(A)(l)
As to Count III
This count seeks placement of Respondent on inactive list under Rule 11.01(4) for incapacity not related to misconduct. *1025 I recommend that the respondent not be found to be incapable of practicing law because of physical or mental illness, incapacity or other infirmity. In view of the disposition recommended as to Counts I and II, it is believed that Count III is moot. However, if it is not moot, I recommend that respondent not be placed on the inactive list.
IV. Recommendation as to Disciplinary measures to be applied:
I recommend that the Respondent be suspended for a period of thirty-six months beginning November 8, 1976 and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(3). I further recommend that since the suspension has continued for over three years, Respondent be required to satisfactorily pass the Florida bar examination.
The referee erroneously arrived at a suspension date of November 8,1976 by adding eleven days to the date of respondent’s felony conviction pursuant to article XI, Rule 11.07(2) of the Integration Rule. However, respondent timely filed a petition for modification and the suspension was therefore deferred until this Court entered an order on the petition on March 15, 1977. The Florida Bar, Re Routh, No. 50,637 (Fla. March 15, 1977).
The Florida Bar’s petition for review of the referee’s report asserts that respondent should be disbarred.
Respondent’s petition for review argues that he should have been allowed to present evidence of rehabilitation based on his conduct subsequent to the misconduct found in this proceeding. The referee declined to consider such evidence on the ground that rehabilitation is relevant in a reinstatement proceeding but not in a disciplinary proceeding. We agree with the referee. Reinstatement is a separate matter governed by article XI, Rule 11.11 of the Integration Rule. Rehabilitation is relevant in such a proceeding but was not relevant to any of the material issues of fact in this disciplinary proceeding.
We adopt the recommendation of the referee that respondent be suspended for three years, the suspension having commenced on March 15, 1977, and until he proves rehabilitation and successfully completes all three parts of the Florida bar examination. We also assess the costs of this proceeding against respondent in the amount of $379.00.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.